# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

AUDRA RYAN-JONES,                    Case No. 16-11026-RGM
                                     (Chapter 13)

        Debtor.

## MEMORANDUM OPINION

This case is before the court on the application of H. Jason Gold, the chapter 7 trustee, to employ Nelson Mullins Riley Scarborough LLP as counsel.  The question is whether the law firm "represents an interest adverse to the estate."  11 U.S.C. §327(a).

The trustee states that:

> Nelson Mullins will assist the Trustee with the sale of real property owned by the Debtor and located at 728 N. Watford Court, Sterling, Virginia.  Nelson Mullins will represent the Trustee with respect to legal work necessary to effectuate the sale including, if necessary, analyzing and resolving issues regarding liens against the Property, drafting the necessary sale motion and attend any hearings relating to the sale. Nelson Mullins may assist the Trustee with respect to other matters as required from time to time.

Application to Employ Counsel to the Trustee at ¶3.  The trustee's Verified Statement discloses that he is a member of Nelson Mullins and that the law firm represents Seterus, Specialized Loan Servicing and six other creditors of the estate.[1]  Verified Statement at ¶3.  What the Verified Statement does not disclose, but is reflected in the debtor's schedules, is that the Watford Court property is encumbered by a first trust securing Seterus and a second trust securing Specialized Loan

---

[1] One of the six other creditors is noted as a "former client" of the law firm.

1

Servicing.  Schedule D, Items 2.4 and 2.5.[2]  The court set the application to employ for a hearing, specifically requesting that the trustee address the law firm's representation of the secured creditors.

The trustee filed a motion to approve the sale of the Watford Court property on June 3, 2016. It recites the two liens and states that they will be paid in full at closing.  Motion to Approve Sale at ¶18.

*In re Johnson*, 312 B.R. 810 (E.D. Va. 2004), a decision of the District Court of this judicial district, addresses the issue.  The District Court stated:

> Section 327 governs bankruptcy court approval of a trustee's employment of attorneys and other professionals.  This provision is intended to ensure "that all professionals .  .  . tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994).  And while the provision accords the bankruptcy court broad discretion in approving the employment of professionals, §327(a) makes clear, as a general rule, that a trustee may employ, and the bankruptcy court may approve, the employment of an attorney or other professional person only if that individual or firm (i) does not hold or represent an interest adverse to the estate and (ii) is disinterested. 11 U.S.C. §327(a); *In re Harold & Williams Dev't. Co.,* 977 F.2d at 909.  This is a stringent standard.  Yet, §327(c), which governs the employment of an attorney or professional who represents a creditor, creates a limited exception to this general rule.  Pursuant to that provision, an attorney who represents a creditor is validly employed by the trustee provided that there is no "actual conflict of interest" between the attorney's representation of the creditor and his representation of the trustee. *See* 11 U.S.C. §327(c); *In re Interwest Bus. Equip., Inc.,* 23 F.3d 311, 316 (10th Cir.1994) ("[T]he bankruptcy judge can disqualify a professional solely on the basis of simultaneous representation, *if* it finds the joint representation creates an actual conflict.") (emphasis in original).  Thus, where a trustee employs a professional who represents a creditor, the stringent two-pronged test set forth in §327(a) does not apply.  Put differently, a trustee may employ a creditor's attorney under §327(c) provided the dual representation presents no actual conflict of interest.

---

[2]Schedule D also reflects that the debtor owns two other properties: 5569 Shoal Creek Drive which is encumbered by a first lien in favor of Nationstar Mortgage LLC and 15038 Walking Stick Way which is encumbered by a first lien in favor of Ocwen and a second lien in favor of Essex Bank.  Nelson Mullins presently represents Nationstar Mortgage and previously represented Ocwen.  Nationstar Mortgage filed a Motion for Relief from Automatic Stay on April 7, 2016.  Neither the trustee nor the debtor filed a response.  The motion was granted on June 15, 2016. The trustee filed a Notice of Abandonment of the two properties on May 19, 2016.  No objection was filed and the properties are now abandoned.

And, this is so even if there exists a potential conflict of interest or an appearance of a conflict of interest that would otherwise disqualify the attorney from employment under §327(a).

*Id.* at 818-20 (footnotes omitted).

The District Court discussed "actual conflict of interest" more fully.  It stated:

The term "actual conflict of interest" is not defined in the Bankruptcy Code. *See In re BH & P Inc.,* 949 F.2d 1300, 1315 (3d Cir.1991).  Instead, the term "has been given meaning largely through a case-by-case evaluation of particular situations in the bankruptcy context."   *Id.*  In this regard, "[c]ourts have been accorded considerable latitude in using their judgment and discretion in determining whether an actual conflict exists 'in light of the particular facts of each case.' " *Id.* (citing *In re Star Broadcasting, Inc.,* 81 B.R. 835, 844 (Bankr.D.N.J.1988) and *In re Hoffman,* 53 B.R. 564, 566 (Bankr.W.D.Ark.1985)).  Notably, courts have declined to set forth bright line rules as to when an alleged conflict warrants disqualification under § 327(c).   *See In re BH & P, Inc.,* 949 F.2d at 1315.  It is nonetheless sensible to conclude that an alleged conflict of interest is "actual" and warrants disqualification under §327(c) if there is "active competition between two interests, in which one interest can only be served at the expense of the other."   *See In re BH & P, Inc.,* 103 B.R. 556, 563 (Bankr.D.N.J.1989), *aff'd* 949 F.2d 1300 (3d Cir.1991).  Accordingly, where, as here, an attorney is employed by both the trustee and a creditor, there is no "actual conflict of interest" warranting disqualification unless (I) the interests of the trustee and the creditor are in fact directly conflicting or (ii) the creditor is actually afforded a preference that is denied to other creditors.  A conflict "in which the competition is presently dormant, but may become active if certain contingencies occur," is merely potential and thus does not warrant disqualification. *See In re BH & P, Inc.,* 103 B.R. at 563.

*Id.* at 822 (footnotes omitted).  *See also Byrd v. Johnson,* 467 B.R. 832, 849 (D.Md. 2012); *In re Dickson Properties, LLC,* 2012 WL 2026760 at *6 (Bankr.E.D.Va. 2012); *In re Lewis Road, LLC,* 2011 WL 6140747 at *7 (Bankr.E.D.Va. 2011); *In re Elder,* 321 B.R. 820, 827 (Bankr.E.D.Va. 2005).

*In re Granite Partners, L.P.,* 219 B.R. 22, 33 (Bankr.S.D.N.Y. 1998) articulates the test differently.  It states:

3

> [The court] focuses on the concerns of divided loyalties and affected judgments. Thus, the professional has a disabling conflict if it has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors – an incentive sufficient to place those parties at more than acceptable risk – or the reasonable perception of one." *In re Martin,* 817 F.2d at 180; *accord In re Leslie Fay Cos.,* 175 B.R. at 533. Disqualification is appropriate "if it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation." *In re Leslie Fay Cos.,* 175 B.R. at 533; *accord In re Crivello,* 134 F.3d 831, 835-36 (a court should disqualify "any professional with an interest or relationship that would even faintly color the independence and impartial attitude required by the Code.")

*Id.* at 33.

May the chapter 7 trustee retain his own law firm to represent the bankruptcy estate with respect to the sale of real property ostensibly encumbered by liens in favor of other clients of the law firm? The sale of residential real property is not conceptually difficult. A chapter 7 trustee needs to market the property, determine the appropriate sales price and determine the extent and validity of the liens to be paid at closing. The last part – determining the extent and validity of the liens – is usually easily resolved by reviewing the title report and the payoff statement. It may also be necessary to review the recorded deeds of trusts and the loan history.

Real property is generally sold for the benefit of the unsecured creditors, not the secured creditor. If there is no equity in the real property, the trustee will not usually administer it and the creditors secured by it are left to enforce their own security interests.[3] In this case, the trustee

---

[3]The United States Trustee's Handbook for Chapter 7 Trustees states:

SALE OF ENCUMBERED PROPERTY

Generally, a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors. A secured creditor can protect its own interests in the collateral subject to the security interest. In certain limited circumstances, however, a trustee may properly sell encumbered property that would generate no proceeds for the benefit of unsecured creditors ("fully encumbered property"). For example, a trustee may be able to satisfy in full a blanket security interest on multiple units of property by selling only one unit. Similarly, a trustee may be able

(continued...)

4

abandoned two such properties.  The trustee should look at the secured creditor's lien skeptically to

determine if there is an infirmity.  He should also review the payoff to determine its accuracy or other

actions that may be available to reduce it.  These actions are in direct conflict with the lender who

will assert the validity of its lien and the accuracy of its payoff.  These are usually not difficult tasks;

however, in the last few years the credibility of lenders with respect to their loan administration has

come into question.  Lenders have entered into national settlements in light of their past practices.

The trustee needs counsel who can freely and independently look at these issues.  Here, the interests

of the creditors and the trustee conflict.  It is not enough, as the trustee's counsel argued, that the

trustee has determined that there is no problem in this case.  He requested appointment of counsel

who could assist him in, *inter alia,* "analyzing and resolving issues regarding liens" against the

Watford Court property.  It is not the answer – either the trustee's answer or counsel's answer – that

is important in approving the application to employ.  It is the ability of counsel to fully investigate

the matter and give a full, fair and impartial opinion on the extent and validity of the liens.  The

unsecured creditors benefit if the secured creditor's lien is avoided or if its payoff is reduced.  This

is an "'active competition between two interests, in which one interest can only be served at the

expense of the other.'" *In re Johnson,* 312 B.R. at 822 (quoting *In re BH & P, Inc.,* 103 B.R. 556,

563 (Bankr.D.N.J.1989)).[4]

---

[3](...continued)
to obtain a higher price from an aggregate sale of assets than from selling the assets individually.  In
a case with other funds available for unsecured creditors, a trustee also may sell fully encumbered
property to eliminate a deficiency, if the secured creditor agrees to waive any unsecured claim for a
deficiency in the event the sale does not fully satisfy the security interest.

Handbook for Chapter 7 Trustees (effective October 1, 2012) at 4-16.

[4]The trustee's counsel argues that 11 U.S.C. §327(c) should save the trustee's law firm because it permits a
creditor's attorney to also represent the bankruptcy estate.  This argument fails to recognize that the exception to the rule
(continued...)

While not necessary for the purposes of this Memorandum Opinion, the court notes its concern with the extensive list of creditors that the trustee's law firm represents.  The trustee's Verified Statement lists seven current clients and one former client who are creditors of the estate. There are 19 scheduled creditors.

The application to employ will be denied.

Alexandria, Virginia
June 20, 2016

/s/ Robert G. Mayer
_____
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

H. Jason Gold
Leon S. Demsky
Bradley D. Jones

19236

_____

[4](...continued)
does not apply when there is an actual conflict of interest as there is in this case.  Counsel did not argue that only another creditor or the United States Trustee may raise the actual conflict of interest provision.  Section 327(c) mandates denial of the application if there is an actual conflict of interest and another creditor or the United States Trustee objects.  It does not say that the court must approve an application if there is an actual conflict and another creditor or the United States Trustee does not object.  The court independently reviews applications and approves those that are proper and denies those that are not.  The absence of an objection to an application does not require the court to approve it.